Catron, Ch. J.
(dissentiente.) At the first sessions of the county court of Carroll, for 1828, the following judgment was entered up, against lands, the owners of which had not paid the taxes for the preceding year. (The opinion here states the judgment, which it is unnecessary to insert, as it appears in the statement of the case.)
Will this judgment sustain a tax sale and sheriff’s deed? 1. It is insisted in argument, that to show the court had jurisdiction to give the judgment, the tax list taken by the justices, and made up by the clerk, was necessary to be given in evidence in the action of ejectment, to justify the judgment.
*363 If there he one legal principle better settled than another, in all civilized countries, and especially in the English and American courts of justice, it is that the judgments or sentences of an exclusive jurisdiction, operating in rem, as this does, are conclusive evidence of the matters they decide, especially when read as evidence collaterally; and that when the judgment or sentence states the facts upon which it is grounded, it is conclusive that the facts thus stated, are true. 1 Stark. Ev. Judicial Judgments S. 77, 81. 8 Term Rep. 192. 5 East, 105, 155. 2 Ten. R. 218. 3 Whea. Rep. 246. Pinson vs Ivey, by this court at Nashville, 1830.(a)
The court need only state the facts conferring jurisdiction, without stating the evidence of the facts. 2 Tenn. Rep. 217, 218. This general rule has an exception, in the case of a tax sale, the act of 1819 requiring the judgment to recite the sheriff’s return, and that this he substantially incorporated in the judgment. The tax list in the sheriff’s hands is an execution; he is acting as a public officer; his return the act of 1819 orders to he recorded, and when so recorded, it cannot be denied. It is more satisfactory evidence than the tax list, on which it is a return, and hy which it may he corrected by the court at the time when made; and hence it is, the act of 1819 requires the court to rely upon it, as the evidence to ground the judgment of condemnation upon. The court pronounces the facts returned by the sheriff to be true; and it is its duty to see that they be true, and to correct them if they he otherwise.
The act of 1819, sec. 3, manifestly, to my mind, contemplated the same mode of report, and substantial form of judgment, where the lands had been listed by the owner, and where they were reported by the sheriff for double tax. But were this doubtful, the doubt ought *364 to give way to the practice of sheriffs, clerks and county courts, for the last twelve years. From the passage 0£ j.pe acp 0f 1819, to this time, judgments have been entered in the form this is, universally throughout the state, it is believed.
The idea of giving a tax list in evidence to aid a judgment, required to be perfect in itself, has been, fcr the first time within my knowledge, suggested in this cause. If the judgment be void, it can receive no aid from the tax list; and if it be valid,its conclusive force cannot be impeached by this inferior and inconclusive evidence. That it is conclusive, this court decided in Marr vs Enloe.(a) If we go behind the judgment, and assail its force by the tax list, or say it is void because the list is not produced, we will, in effect, take upon us the power to reverse the judgment of the county court condemning the land, by declaring there was no evidence to warrant it, contrary to the facts stated upon its face; this cannot be done, as is in substance decided in M’Carroll vs Weeks, (2 Tenn. Rep. 218,) and which I have never heard questioned in this respect until now.
2. Is the judgment then good on its face ? All the facts necessary to give the court jurisdiction, or that have ever been supposed necessary, by any decision or opinion, are stated. But it is insisted the land is not well described. The description by range and section, is in strict conformity to the act of 1826, ch. 36.
3. It is contended, the advertisement did not authorize the sale, not having been made in two newspapers, one printed in each end of the state, as required by the act of 1819, sec. 5. Generally, in tax sales, as well as other execution sales, the presumption that the sheriff did advertise as his duty required, is taken to be prima *365 facie proved by the statement of the fact in his deed; yet it may he disproved by the defendant. In this case the deed shows, (as does the proof,) that the land sold was advertised in one paper printed at Nashville, and another printed at Paris. This was the proper mode, and pursued the act of 1822, ch. 181.
The fourth objection is to the substance of the judgment. The county court, it is alleged, assessed upon each 100 acres of land, 6i cents as a navigation tax. This the court, in Marr vs Enloe, pronounced unconstitutional and void; and it is insisted, that forasmuch as it formed part of the aggregate of the judgment, the whole is void. The court has jurisdiction of the subject matter, and the same right to enter up judgment against Burum, as if he had been in court. If the judgment was for too large a sum, it was erroneous, and he had the right to take it up by certiorari, and have it reversed; but until reversed, it has the same binding force as other judgments. The court having had jurisdiction, there is no difference in this respect between ex parte proceedings, operating in ram, and proceedings where there has been notice and trial. 1 Stark. Ev. 238, sec. 81. 5 East 105, 155. 2 Taunton, 85. 4 Hay. Rep. 61.
The court of pleas and quarter sessions is a court of extensive powers generally, and has exclusive jurisdiction in matters of revenue, and has just as much right to pronounce upon the constitutionality of a .law, as any court whatever; and-if it has declared the navigation tax constitutional, and rendered judgment thereon, the same is of course a valid judgment until reversed, no difference what this or any other court may think on the abstract question.
Be this as it may, the judgment does not state the fact, that a navigation fax was assessed, and therefore the objection must fail.
This point was adjudged for the defendant in the *366 circuit court, upon which he had a verdict, and was the main, and judging from the charge, the only grounds of defence assumed below. I am of opinion the judgment ought to be reversed, and the cause remanded for a new trial.
Judgment affirmed.

 1 Yerger’s Rep. 296,

 1 Yerger’s Rep. 452.